CHATTANOOGA NAT. BANK v. ROME IRON CO. et al.

(Circuit Court, N. D. Georgia.   October 20, 1899.)

No. 1,085.

1. BANKRUPTCY—SUITS AGAINST TRUSTEE—JURISDICTION OF COURT OF EQUITY.
    A circuit court, or other court of equity, has jurisdiction of a suit against a trustee in bankruptcy to establish the validity and lien of a pledge made by the bankrupt of property which has come into the hands of the trustee.

2. SAME.
    Whether a court of equity has jurisdiction to restrain a trustee in bankruptcy from paying out to creditors a fund in his hands, pending the determination of a suit in such court to establish a lien on such fund, or whether the complainant must resort to the court of bankruptcy for such an order, quære.

This is a suit in equity to establish and enforce a pledge against the trustee in bankruptcy of the pledgor.   On objections to jurisdiction.

Fouche & Fouche and King & Spalding, for plaintiff.
Neel & Neel and Dean & Dean, for defendants.

NEWMAN, District Judge.   The Chattanooga National Bank, of Chattanooga, Tenn., brings its bill against the Rome Iron Company, a Georgia corporation, and against Halstead Smith, trustee in bankruptcy of said Rome Iron Company.   The averments in the bill show that the Rome Iron Company is indebted to the Chattanooga National Bank in the sum of $25,500, with interest and attorney's fees, and that to secure its notes the Rome Iron Company pledged to the bank its equity in certain pig iron stored in yard No. 48 of the American Pig-Iron Storage Warrant Company, in Rome, Ga.   The facts further set out are:   That the Rome Iron Company had pledged the pig iron in the yard named, to the American Pig-Iron Storage Warrant Company, to secure certain warrants, and that it had an equity in said iron to a considerable amount over and above the sum secured by the warrants.

On the 23d day of February, 1899, a petition for involuntary bankruptcy was filed against the Rome Iron Company, and subsequently the company was adjudged bankrupt, and on the 11th of April, 1899, Halstead Smith, Esq., was appointed trustee in bankruptcy of said company. That said Smith, as trustee, took possession, among other things, of the iron in the yard No. 48 at Rome, and has been proceeding to dispose of the same, and to pay off the warrants referred to. The averment further is that Smith, as trustee, has in his hands $30,000, or other large sum, over and above the amount necessary to pay off said warrants. On the back of the notes of the Rome Iron Company held by the bank is the following indorsement: "The within note is secured by the pledge and deposit of the following securities, to wit, equity in iron in yard #48, Rome, Ga.,"—signed by "L. S. Colyar, Prest. Treas." The purpose of the bill is to have a decree that the Chattanooga National Bank has a valid pledge of, and equitable lien upon, the said equity of the Rome Iron Company in the iron in yard No. 48 at Rome, securing its said debt, and that it be decreed that the sum in the hands of the trustee derived from said equity is subject to said equitable lien and pledge, and is not subject to be generally distributed by the trustee among the creditors of the Rome Iron Company who have proved their debts in bankruptcy; and there is a further prayer to this effect. There is a further prayer for injunction to restrain Halstead Smith, trustee, from paying out the money to the creditors who have proved their debts, and that he be required to pay the same over to complainant.

The question raised on this hearing is as to the jurisdiction of the circuit court, where the bill is filed, to entertain the same. The contention on behalf of the trustee in bankruptcy is that this proceeding should have been brought in the district court, and as ancillary to the proceeding in bankruptcy. As I understand the decisions of the circuit court of appeals for this circuit in Bernheimer v. Bryan, 35 C. C. A. 592, 93 Fed. 767, and Camp v. Zellars, 36 C. C. A. 501, 94 Fed. 799, a construction is given to clause "b" of section 23 of the bankrupt act which would give the circuit court jurisdiction in this case to the extent, at least, that the complainant might have the validity of its pledge, and question of an equitable lien, determined. It is true that the cases named are not like the case at bar as to the character of the proceeding, but the view of our circuit court of appeals, as gathered from these cases, seems to me to be against the jurisdiction of the bankrupt court, and to favor the jurisdiction of other competent courts, in controversies like the one at bar. How much additional relief the complainant in this case is entitled to, further than to have a decree in favor of or against its equitable lien against the equity in the iron, need not now be decided, and ought not to be decided, in view of the fact that, before the case reaches a stage where it will be necessary to do so, there may be additional and authoritative rulings which will control the question of jurisdiction, and the extent of jurisdiction. The jurisdiction of the circuit court to entertain the bill to the extent indicated will be sustained.

I am in doubt as to whether the injunction issued on this bill, restraining the trustee from paying out to other creditors the funds in

his hands arising from the equity in the iron, should be continued, or whether the complainant should apply in the district court for an order restraining the trustee until its case in the circuit court can be determined. For the present, however, I shall direct that the injunction restraining the trustee in this respect, heretofore granted, be continued until further order of the court.